**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

O

Case No. SACV 07-250 DOC (ANx)                                        Date: August 31, 2011

Title: LA ASOCIACION DE TRABAJADORES DE LAKE FOREST, ET AL. V. CITY OF LAKE FOREST, ET AL.

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:          ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                          NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS FEES AND COSTS

Before the Court is Plaintiff La Asociacion de Trabajadores de Lake Forest's ("ATLF") Motion for Attorneys Fees and Costs ("Motion") (Doc. No. 313). Defendants[1] opposed (Doc. No. 318) and filed a Request for Judicial Notice ("RJN") (Doc. No. 320). ATLF filed a reply (Doc. No. 322), along with a Request for Judicial Notice (Doc. No. 324), opposition to the Defendants' RJN (Doc. No. 325), and Objections to the Declaration of Pancy Lin Misa (Doc. No. 326). The Defendants then filed Objections to and a Motion to Strike New Matters Raised in the Reply Briefing (Doc. No. 328); ATLF responded by filing an opposition thereto (Doc. No. 329). On June 17, 2011, the Court took the matter under submission.

---

[1] On July 23 and July 25, 2008, Plaintiff stipulated to dismiss all defendants except for the remaining Orange County Defendants Sandra Hutchens, in her official capacity; Jay LeFlore, Don Barnes, and Chris Thompson, all in their official and individual capacities (hereinafter "Defendants").

On July 6, 2011, ATLF filed a notice of recently decided authority (Doc. Nos. 331).[2] Defendants filed a response thereto on July 19, 2011 (Doc. No. 332). On August 2, 2011, the Court held a hearing on ATLF's Motion. At the end of the hearing, the matter again stood submitted. After considering the moving, opposing and reply papers, and for the reasons stated below, the Court hereby GRANTS the Motion.

## I. BACKGROUND

Plaintiff ATLF is an unincorporated association of day laborers who regularly seek work by expressing their availability while standing on public sidewalks in the City of Lake Forest. ATLF was formed to defend its members' right to solicit work in public fora in Lake Forest, and to address the difficulties the day laborers face in seeking work. ATLF, along with two other similar entities,[3] filed the instant action on March 2, 2007. The complaint sought declaratory and injunctive relief in an effort to block the enforcement of Section 5.06.020 of the Lake Forest Municipal Code (the "Ordinance") and other conduct "discouraging the protected speech the [Ordinance] prohibits."[4]

Plaintiffs filed an ex parte application for a temporary restraining order, which the Court denied on March 8, 2007. After the Ordinance was repealed by the City, Plaintiffs filed a first amended, and then a second amended complaint. Plaintiffs' allegations focused on Defendants' ongoing conduct to discourage day laborers' constitutionally protected speech, notwithstanding repeal of the Ordinance. The operative pleading, the Third Amended Complaint ("TAC"), was filed on November 27, 2007. The TAC alleged violation of 42 U.S.C. §1983 (Section 1983) for violation of day laborers' First Amendment rights, and sought declaratory relief under 28 U.S.C. § 2201. The remaining issue to be litigated was whether members of the Orange County Sheriff's Department ("OCSD") "target the expressive activities of day laborers, like ATLF's . . . members, who indicate their

---

[2] This notice was supplemented by recently filed findings of fact on August 2, 2011. (Doc. No. 334.)

[3] On August 18, 2008, the Court dismissed former plaintiffs National Day Laborers Organizing Network ("NDLON") and Colectivo Tonantzin ("Colectivo") for lack of standing. This ruling was affirmed by the Court of Appeals for the Ninth Circuit as to NDLON; Colectivo did not appeal.

[4] Under former Lake Forest Municipal Code § 5.06.020, it was unlawful for any person, while standing in any portion of the public right-of-way, to solicit or attempt to solicit employment, business, or contributions of money or other property from any person traveling in a vehicle along a public right-of-way. This code also made it illegal for any person in a vehicle to pick up a day worker advertising on the side of the road. The City repealed the Ordinance, effective April 3, 2007.

availability for work on sidewalks and on other public areas in Lake Forest." (TAC ¶ 26.)

Defendants argue that City of Lake Forest residents had been lodging complaints with the OCSD for some time before the complaint was filed. Defendants also allege they have attempted to keep the peace in the City of Lake Forest and that they have never had a policy of denying persons their First Amendment rights to solicit employment in public fora.

On August 18, 2008, the day before trial, ATLF entered into a settlement agreement and release of claims with Defendants. ATLF then brought a motion for attorneys fees in the amount of $547,343.00 and costs in the amount of $9,881.95 (i.e., a total of $557,224.95) under 42 U.S.C. §1988 ("Section 1988"). The Court found that the settlement agreement did not modify Defendants' behavior to the benefit of ATLF. (Doc. No. 282 at 5.) Thus, the Court concluded that ATLF was not a prevailing party under Section 1988 and denied the motion. ATLF appealed. In a published opinion dated October 22, 2010, the U.S. Court of Appeals for the Ninth Circuit reversed this finding and remanded the case for consideration of the issue of attorneys fees. *La Asociacion de Trabajadores de Lake Forest*, 624 F.3d 1083 (9th Cir. 2010.) On February 28, 2011, the Court held a status conference and set a briefing schedule on attorneys fees. (Doc. No. 310.) The issue has been fully briefed and the Court hereby enters its decision on attorneys fees.

## II. LEGAL STANDARD

Under 42 U.S.C. § 1988, the Court may, in its discretion, grant a reasonable attorney's fee as part of the costs to the prevailing party. 42 U.S.C. § 1988(b). As a matter of course, the lodestar formula should be used to determine a reasonable figure for an award of attorneys' fees. A lodestar figure is calculated by "multiplying the hours spent on a case by a reasonable hourly rate of compensation for each attorney involved." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563, 106 S. Ct. 3088 (1986). The lodestar figure is presumed to represent an appropriate fee, but the Court may adjust the figure upward or downward to take into account special factors. *See Blum v. Stenson*, 465 U.S. 886, 897, 104 S. Ct. 1541 (1984) (reasonable hours multiplied by reasonable rate normally provides a reasonable fee award within the meaning of the statute); *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987) (strong presumption that lodestar figure is reasonable).

A plaintiff is considered the prevailing party if it succeeds on any significant issue in litigation which gives some benefit that plaintiff sought in bringing the suit. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933 (1983). To satisfy this requirement, the suit must have produced a material alteration of the legal relationship between the parties. *Buckhannon Board & Care Home, Inc. v. W. Va. Dept. of Health & Human Res.,* 532 U.S. 598, 604, 121 S. Ct. 1835 (2001). This alteration may be the result of an enforceable judgment or comparable relief through a consent decree. *Farrar v. Hobby*, 506 U.S. 103, 111, 113 S. Ct. 566 (1992). If a plaintiff achieves only partial success, the reasonable hours expended on the action as a whole multiplied by a reasonable rate may be an excessive amount. *Hensley*, 461 U.S. at 436. Where a plaintiff prevails on only some claims, the Court

should ask whether the plaintiff "fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded" and whether the plaintiff "achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award". *Id.* at 434.

Once the Court has determined that attorneys' fees are warranted in a given case, the Court must then assess whether the amount of fees requested is reasonable. A fee applicant carries the burden of submitting evidence in support of the claimed hours. *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1993). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ." *Hensley*, 461 U.S. at 434. The opposing party has the burden of rebuttal, requiring submission of evidence challenging the accuracy and reasonableness of the hours charged or facts asserted. *Gates*, 987 F.2d at 1397-98. "'In setting a reasonable attorney's fee, the district court should make specific findings as to the rate and hours it has determined to be reasonable.'" *Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000) (quoting *Frank Music Corp. v. Metro-Goldwyn Mayer, Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989)).

### III. DISCUSSION

#### A. Attorneys Fees

##### 1. Entitlement to Award

As an initial matter, the Court grants ATLF's request for judicial notice under Federal Rule of Evidence 201 because the source of court opinions and the underlying briefs cannot reasonably be questioned. The Court denies Defendants' request for judicial notice because the facts contained in the declarations remain disputed.

Defendants argue that fees are not warranted because ATLF recovered nothing. (Opp'n at 1.) Because NDLON and Colectivo's damages claims were dismissed on summary judgment, and because the settlement agreement merely accepts current OCSD policies as lawful, this is not the equivalent of injunctive relief originally sought by Plaintiffs. (*Id.*) Defendants further argue that to be awarded fees under Section 1988, ATLF must "win relief on the merits that '*materially alters* the legal relationship between the parties *by modifying the defendant's behavior in a way that directly benefits the plaintiff*." *Martinez v. Wilson*, 32 F.3d 1415, 1422-23 (9th Cir. 1994), *citing* and *quoting Farrar v. Hobby*, 506 U.S. at 111-12 (emphasis in circuit opinion original).

ATLF replies that this issue has already been decided by the Ninth Circuit. (Reply at 3.)

The test cited by Defendants is designed to determine whether a plaintiff is a "prevailing party" under Section 1988, and thus may recover fees in the Court's discretion. *Martinez*, 32 F.3d at 1423 ("We similarly conclude that [plaintiff] is not a prevailing party within the meaning of section 1988."). ATLF is correct that the Ninth Circuit's opinion is dispositive on this issue. In its opinion, the

Ninth Circuit explicitly stated, "Nor is there any doubt that the legal relationship between the parties was materially altered by the [settlement] agreement." 624 F.3d at 1089-90. The court went on to recognize that while the settlement agreement is "couched in terms of existing [OCSD] policies, [Defendants] were not necessarily subject to the jurisdiction of a federal court for violating those policies until the settlement agreement was signed." *Id.* at 1090. Importantly, the Ninth Circuit also held that Plaintiffs "received 'actual relief' on the merits of their claims." *Id.* This relief was "in the form of a judicially enforceable agreement requiring [Defendants] to adhere to policies respecting day laborers and their First Amendment rights, relief ATLF sought in its complaint." *Id.* In conclusion, the Ninth Circuit held, "[b]ecause ATLF has achieved 'prevailing party' status, it is entitled to an award of attorneys' fees." *Id.*

Based on the foregoing analysis, which is controlling as law of the case, Defendants cannot seriously dispute whether the legal relationship between the parties was materially altered, or whether ATLF obtained relief sought in its complaint. 624 F.3d at 1089-90.

However, Defendants are correct that the Ninth Circuit expressed no opinion regarding the "level of success" achieved by ATLF. (Opp'n at 2.) The success of this Motion turns on the level of ATLF's success, which is not to say success on the merits, but rather degree of success in obtaining the relief sought.

2. **Degree of Success**

The hours expended must be justified by the "significance of the overall relief obtained." *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005). Indeed, the Supreme Court has cautioned that even where it may have been reasonable to bring claims, and a case is tried with devotion and skill, "the most critical factor is the degree of success obtained." *Hensley*, 461 U.S. at 436. "That the plaintiff is a 'prevailing party' therefore may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved." *Id.* "There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." *Id.* at 436-37.

ATLF contends that this case was filed to protect day laborers' First Amendment right to solicit work from public sidewalks in Lake Forest, which could be achieved by (1) invalidating the Ordinance and (2) obtaining an injunction preventing the OCSD from discouraging day laborers from exercising their First Amendment rights. (Mot. at 1.) Notwithstanding early repeal of the Ordinance, ATLF persisted based on the allegation that the OCSD continued to unlawfully target day laborers' expressive activities, Ordinance or not. (*Id.* at 2.) ATLF argues that it achieved excellent results in this case because its goal of ensuring that day laborers could solicit work while on public sidewalks in Lake Forest, free from unlawful interference from the police, was met. (Mot. at 13.) ATLF contends that it achieved its overall goal through the settlement agreement, which prohibits Defendants from engaging

in unconstitutional customs or practices that interfere with the lawful solicitation of work. (*Id.*) The fact that no damages were recovered should not diminish this outcome, ATLF argues, because it obtained the equivalent of the injunctive relief sought, and any hours directly related to NDLON and Colectivo, the parties seeking damages, have already been excised. (*Id.* at 14-15.)

Defendants argue that ATLF achieved limited, if any, success because "the plain target of Plaintiffs' suit was the City of Lake forest, and [the Ordinance]." (Opp'n at 6) (discussing original complaint). Defendants also point to the Court's denial of Plaintiffs' ex parte application for a temporary restraining order on enforcement of the Ordinance. (*Id.*) Moreover, Defendants prevailed on their motion for summary judgment as to NDLON and Colectivo's claims for damages and injunctive relief.[5] (*Id.* at 7.) This essentially whittled the case down to ATLF's injunctive relief claim, and only against the OCSD. (*Id.*) Defendants contend that, at best, the terms of the settlement agreement leave ATLF with "the potential to achieve success on its claims at some hypothetical future point in time." (*Id.* at 8.) In the wake of the settlement agreement, ATLF is left with no damages, no injunction, and no declaratory relief. (*Id.* at 10.)

A comparison of the relief sought in the TAC and the results achieved through the settlement agreement sheds light on ATLF's degree of success. The TAC sought to end the OCSD's alleged systematic violation of day laborers' rights to peaceably solicit work from public sidewalks in Lake Forest. (TAC ¶ 26.) Based on this unlawful conduct, Plaintiffs sought an injunction against Defendants' alleged "policy, custom or practice" to discourage the constitutionally protected speech of day laborers. (*Id.* ¶ 37(a).) Plaintiffs also sought a declaratory judgment finding this alleged "policy, custom or practice" null and void, as well as damages.[6] (*Id.* ¶ 37(b), (d).) In the settlement agreement, the parties acknowledge that OCSD has no policy to discourage day laborers from exercising their right to solicit work on public sidewalks, and Defendants agreed they would not interfere with such rights, including the right to stand in groups on public sidewalks, pursuant to existing OCSD policy. (Misa

---

[5] Defendants argue that no fee award is warranted because the prayer for damages in the TAC resulted in no recovery of monetary damages. (Opp'n at 11 n.3.) While NDLON and Colectivo's prayer for damages was unsuccessful, denial of all fees related to these entities is not appropriate because the prayer for damages was *related* to the underlying First Amendment claim. *Dang*, 422 F.3d at 813 (explaining, claims that "involve a common core of facts or are based on related legal theories" can be treated as a single claim for purposes of attorneys' fees). The Court addresses the lack of success on these aspects of the First Amendment claim on page 8.

[6] The request for damages was limited to Plaintiffs NDLON and Colectivo; their damages claims were dismissed after the Court granted Defendants' motion for summary judgment. (Doc. No. 242 (order granting standing motion with respect to NDLON and Colectivo, which was converted into a motion for summary judgment).)

Decl. Ex. D at ¶¶ 3-4.)[7]  The settlement agreement gives this Court jurisdiction to prevent the OCSD from engaging in conduct that will chill day laborers' First Amendment rights.  This is exactly the type of relief ATLF sought - protection for day laborers' First Amendment rights.

Defendants make much of the fact that Plaintiffs have failed to prove any incidents involving the alleged unconstitutional harassment by the OCSD.  (Opp'n at 10.)  While this observation is correct, it is irrelevant to the present motion.  The case settled on the even of trial, leaving the parties to operate under the terms of the settlement agreement, without adjudication of the factual disputes.  Indeed, the settlement agreement recognizes that "[t]he parties disagree as to the facts underlying this case . . . ."  (Misa Decl. Ex. D at 2, Recital B.)  Whether ATLF achieved its goal in this case, namely a change in practices otherwise negatively impacting First Amendment rights, does not depend on whether ATLF proved any particular facts or whether Defendants admitted liability.  To reiterate, degree of success in the context of this Motion is not interchangeable with success on the merits.

The Court finds *Saint John's Organic Farm v. Gem County Mosquito Abatement Dist.*, 574 F.3d 1054, 1060 (9th Cir. 2009), which was cited by the Ninth Circuit on appeal in this case, instructive.  In *Saint John's Organic*, the court analyzed whether plaintiff obtained the relief it sought even though it settled, rather than obtained success on the merits.  The court stated as follows.

> In practical terms, the remedy Dill achieved in the Settlement Agreement was an important part of what he sought in his suit under the CWA.  In his complaint, Dill asked for an injunction against unpermitted discharges of all pesticides (not limited to adulticides) into specified waters of the United States.  In his judicially enforceable Agreement, Dill got the equivalent of an injunction against discharges of adulticides into those waters.  That is, GCMAD entered into a judicially enforceable Agreement not to engage in any aerial spraying of adulticides except in a declared health emergency, and not to engage in any truck fogging within either 300 or 150 yards of specifically described waterways, including the Payette River.

*Id.* at 1060.

The relief obtained by ATLF in this case is similar.  In the TAC, ATLF asked for an injunction against Defendants to put an end to allegedly harassing behavior that was chilling day laborers' First Amendment rights.  The judicially enforceable settlement agreement binds Defendants not to take certain actions against day laborers and contractors in Lake Forest.  That Defendants agreed only to adhere to existing OCSD policies is of no moment because, as the Ninth Circuit recognized, Defendants "were not necessarily subject to the jurisdiction of a federal court for violating those

---

[7] The Court sustains ATLF's objections to Exhibit H of the Misa Declaration because the declarant lacks foundation and the DVD is not properly authenticated.

policies until the settlement agreement was signed." 624 F.3d at 1090. Moreover, ATLF "did not simply challenge Defendants' official 'policy' on enforcement. It contended that they had a custom or practice of interfering with day laborers' attempts to solicit employment from public sidewalks in a way that violated the First Amendment." (Reply at 12.) *See* TAC ¶ 1 ("This civil rights action challenges Defendants' *policy and actions* to discourage the constitutionally protected speech of day laborers as violations of the First Amendment . . . .") (emphasis added). While the settlement agreement acknowledges that Defendants have no such stated "policy" to encourage or discourage exercise of First Amendment rights (Recital 3), it says nothing about the actions alleged in the Complaint.

Because ATLF sought to have the Ordinance repealed and to keep the OCSD from interfering with day laborers' First Amendment rights, and because both goals were achieved through voluntary action (*i.e.*, repeal and settlement, respectively), the Court finds that ATLF succeeded in accomplishing its stated goals.

The Court next considers whether ATLF settled only "the truncated remnants of its claims." (Opp'n at 11.) The core claim in this case focused on alleged violations of the First Amendment. That Plaintiffs split this claim into causes of action for injunctive relief and declaratory relief does not create a second substantive claim. However, the Court cannot ignore the fact that NDLON and Colectivo were dismissed for lack of standing, and as a result, their prayer for damages was unsuccessful. While ATLF has already excised a number of hours related to NDLON and Colectivo, the Supreme Court advises that this Court has discretion to eliminate specific hours or simply reduce the fee award based on limited success. *Hensley*, 461 U.S. at 436-37. Even though ATLF succeeded generally, the Court finds that time spent on the foregoing unsuccessful aspects of the First Amendment claim should be excised so that the hours billed satisfactorily represent the degree of success achieved. While certain line-item reductions are made in Section III.A.3 below, given the lack of detail in many billing descriptions and the Court's inability to neatly excise every hour related to the unsuccessful aspects of the claim, the Court arrives at this reduction in the exercise of its discretion. In addition to these line-item reductions, as well as the voluntary reductions made by ATLF in the exercise of billing judgment, the Court reduces the overall net award by thirty-five per cent to ensure that the fee award does not overstate the results achieved.[8]

### 3. Reasonableness of Hours

Given the complex and fact-intensive nature of the case, combined with Defendants' aggressive litigation strategy, ATLF argues that its fee request for 1,573.1 hours, totaling $762,632 in fees, is reasonable. (Helzer Decl. ¶ 25.) After the Ordinance was repealed, proving a pattern of unlawful conduct and convincing day laborers to participate in the suit proved challenging. (Mot. at 9.)

---

[8] This reduction is made *after* the line-item adjustments explained in Section III.A.3, *infra*. A summary table of the Court's calculations is provided on pages 11-12.

ATLF argues that it exercised extensive billing judgment in submitting its fee request because its request is based on far fewer hours than actually expended. (Mot. at 6.) Based on the dismissal of ceratin parties, ATLF discounted hours worked on matters related solely to the dismissed parties. The following table summarizes the number of hours discounted by category and/or dismissed party. (*See* Helzer Decl. ¶¶ 20-23.)

| Litigation Category / Party | Hours |
|---|---|
| Defendant City (*e.g.*, facial challenge to Ordinance) | 113.4 |
| Defendant Securtec (*e.g.*, joint action between public and private entity) | 54.9 |
| Plaintiffs NDLON/Colectivo (*e.g.*, standing, jury issues, part of TRO/PI work) | 111 |
| Miscellaneous (*e.g.*, internal discussions/procedures, clerical, volunteer training) | 273 |
| Total hours deducted | 552.3 |
| Billable cost of deducted hours | $209,788 |

Defendants assert that ATLF's fee request is "divorced from reality" and would be a "jackpot" award. (Opp'n at 1.) Defendants argue that ATLF failed to excise hours from the relevant categories. Specifically, an additional $40,003.50 should be excluded based on the failed TRO, which was filed in prosecution of Plaintiffs' claims against the City, not the County Defendants. (Opp'n at 16.) Similarly, $7,084 must be excluded for time spent on claims prosecuted on behalf of NDLON and Colectivo, both of whom were dismissed for lack of standing. (*Id.* at 17.) An additional $1,780 in fees should be excluded based on time spent on Securtec-related claims. (*Id.*) Lastly, $13,655 in paralegal fees should be excluded because clerical tasks should be subsumed in overhead costs, not billed at paralegal rates. (*Id.*, *citing Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009).) In summary, Defendants seek to exclude $62,522.50 in fees.

After reviewing Defendants' objections, ATLF replies that it will not seek compensation for an additional 40.7 hours of work, totaling $9,477.50 in fees. ATLF argues that Defendants' remaining objections are overly broad. (Reply at 13-14.) For example, while Defendants seek to exclude all work done on the TRO, only two of the nine sections of the TRO related to enforcement of the Ordinance; the other seven sections addressed conduct otherwise interfering with the day laborers' rights. (*Id.*) Moreover, ATLF argues that fees may be awarded for time spent on a failed motion if the motion was reasonably pursued on a claim on which the plaintiff ultimately prevailed. *See Cabrales v. County of Los Angeles*, 935 F.2d 1050, 1053 (9th Cir. 1991) ("[A] plaintiff who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorneys' fees even for

the unsuccessful stage.)

The Court agrees that Defendants' objections are overly broad. However, after reviewing ATLF's billing records, the Court makes the following additional deductions:[9]

| Description | Fees Excluded |
|---|---|
| Facial attack on Ordinance/City: (01/25/07) 3.6 hours; (03/05/07) .9 hours; (06/18/08) 1.8 hours | $3,645 |
| TRO/PI (two out of nine issues re Ordinance): (Jan. - March 2007) 8.45 hours | $4,094 |
| NDLON (half): (03/22/07) 1.2 hours; (01/07/08) .15 hours; (09/11/07) .2 hours | $915 |
| Standing: (08/07/08) 1.8 hours; (08/14/08) 1.6 hours; (08/15/08) 1.1 hours; (08/13/08) 8.8 hours; (08/24/07) .9 hours; (08/29/07) .5 hours; (09/05/07) .4 hours | $8,022 |
| Damages: (06/03/08) .4 hours | $210 |
| Total Deductions: | $16,886 |

ATLF also seeks compensation for an additional 76.1 hours spent on preparing its reply to Defendants' opposition, totaling $36,527.50 in fees. (Helzer Reply Decl. ¶ 38.) The Court has reviewed the billing statements submitted in support thereof, (*Id.* Ex M.), and finds this request unreasonable in consideration of the substance contained in the reply. Based on the blended hourly rate of $480, the Court reduces the compensable hours to 55, for a total fee of $26,400.

Defendants' objection to inclusion of these fees is overruled. Defendants' remaining objections are overruled and the motion to strike "new matters" raised in the reply is denied. The arguments and evidence presented in reply either expand upon arguments made in the moving papers or respond to arguments made in opposition.

### 4. Reasonableness of Rates

Reasonable hourly rates are "the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." *Blum*, 465 U.S. at 895.

---

[9] The deductions are based on the billing descriptions provided in the time records. To the extent it is unclear to which matter a time entry relates, the Court erred on the side of exclusion because ATLF has the burden to demonstrate that the hours billed are reasonable. This table excludes line items ATLF agreed to exclude in its Reply. (*See* Doc. No. 327.)

ATLF argues that the current hourly rates sought are reasonable because the Ninth Circuit Appellate Commissioner recently approved similar 2010 rates, and declarations by counsel's peers demonstrate that the rates are consistent with those prevailing in the community for lawyers of similar skill and experience. (Mot. at 16-17.)

Defendants do not challenge the reasonableness of the requested hourly rates.

The Court finds that ATLF has submitted sufficient evidence, including peer declarations and rate comparison charts, to sustain the requested hourly rates. *See* Sobel Decl. ¶¶ 9-25; Mirell Decl. ¶¶ 5-13; Afrasiabi Decl. ¶¶ 7-12; Gilliam Decl. ¶¶ 5-10; Richardson Decl. ¶¶ 5-9. Thus, the Court finds the rates reasonable. That ATLF's lawyers work for a non-profit organization rather than a for-profit law firm with regularly charged billing rates does not change this conclusion.

### B. Costs

Under Section 1988, the prevailing party may recover out-of-pocket expenses that would normally be charged to a fee-paying client. *Dang*, 422 F.3d at 814.

ATLF seeks reimbursement of $9,881.95 in costs for attorney travel, telephone calls, courier services, computerized research, copying, postage, and deposition transcripts. (Mot. at 19.)

Defendants argue that most of the costs sought by ATLF are not taxable under Federal Rule of Civil Procedure 54(d). (Opp'n at 19.)

Under Rule 54(d), cost recovery is limited to items enumerated in 28 U.S.C. § 1920, "unless otherwise authorized by statute or contract." Fed. R. Civ. P. 54(d). ATLF's request for costs in this case is "otherwise authorized by statute" because Section 1988 provides that costs may be recovered. *See Dang*, 422 F.3d at 814 (costs under Section 1988 include those normally charged to fee-paying client). The list of taxable costs in Local Rule 54-4, which should be read in conjunction with Federal Rule 54, does not override the availability of costs under Section 1988.

### C. Summary of Award

In summary, the Court awards fees and costs as follows.

|  | Hours | Amount |
| --- | --- | --- |
| ATLF's Fee Request | 1,573.1 | $762,632 |

|  | Hours | Amount |
|---|---|---|
| Reply Fee Request[10] | 55 | $26,400 |
| ATLF's Adjustment on Reply | -40.7 | -$9,477.50 |
| Court's Adjustment | -31.8 | -$16,886 |
| Subtotal | 1,555.6 | $762.668.50 |
| *Hensley* Adjustment -35% | -544.6 | -$266,933.97 |
| Total Fee Award | 1,011 | $495,734.53 |
| Total Costs Award |  | $9,881.95 |

## VI.     DISPOSITION

For the reasons set forth above, the Court hereby GRANTS Plaintiff ATLF's Motion (Doc. No. 313). The Court awards $495,734.53 in attorneys' fees, and $9,881.95 in costs. The Court denies Defendants' Request for Judicial Notice (Doc. No. 320). The Court grants ATLF's Request for Judicial Notice (Doc. No. 324), and sustains ATLF's Objections to the Misa Declaration (Doc. No. 326). Defendants' Objections to and Motion to Strike the Reply are overruled and denied (Doc. No. 328).

The Clerk shall serve this minute order on all parties to the action.

---

[10] As adjusted by the Court. *See* Section III.A.2, *supra*.